FILED
JUL 16 2010
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                  ] Case No. 09-55986 ASW
                                       ]
    PAUL FAIRFAX SOARES,              ] Chapter 11
                                       ]
                                       ] Hearing:
                 Debtor.        ] Date: May 13, 2010
                                       ] Time: 2:15 PM
                                       ] Place: Ctrm 3020
                                       ]
_____]

MEMORANDUM DECISION SUSTAINING IN PART
AND OVERRULING IN PART DEBTOR'S OBJECTION TO
CLAIM OF PHILIP JOHNSON DBA JOHNSON ARCHITECTURAL GROUP

    On July 23, 2009, Debtor Paul Fairfax Soares ("Debtor") filed his voluntary Chapter 11 bankruptcy petition (the "Petition Date"). On October 28, 2009, Creditor Philip Johnson dba Johnson Architectural Group ("Creditor") filed a proof of claim in the total amount of $12,518.22, which was assigned claim number 12-1 in Debtor's bankruptcy case (the "Claim"). On December 3, 2009, Debtor filed an objection to the claim (the "Objection").

    On May 13, 2010, a evidentiary hearing was held on the Objection. Both Debtor and Creditor appeared in *properia persona*.

At the May 13, 2010 hearing, Debtor and Creditor both stated that they were satisfied with the record before the Court and the matter was taken under submission.

This Memorandum Decision constitutes the Court's findings of fact and conclusions of law, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## I.

## FACTUAL BACKGROUND

On February 21, 2006, Creditor entered into a contract with Debtor's former business, New Zealand Investments Company, a copy of which is attached to the Claim (the "Contract").[1] The Contract is for $26,550 in architectural services concerning the remodeling of an apartment complex.

The account statement attached to the Claim indicates that Creditor invoiced Debtor between September 30, 2006 and December 31, 2008 for services rendered. Creditor lists $27,826.97 in charges to Debtor, and acknowledges Debtor made four payments totaling $15,308.75. The balance owing on the statement is $12,518.22, of which, $2,850.25 is attributable to finance charges under the terms of the contract. The contract provides that accounts more than thirty days past due will incur monthly interest charges of 1.5%, which is 18% annually.

---

[1] An attachment to Debtor's Statement of Financial Affairs indicates "New Zealand Hold" was a "single asset" business operating from 2004 until 2009. The California Secretary of State's website lists a "New Zealand Holdings Ltd" -- having a physical address on Drake Ave. in Monterey (the address of Debtor's sole real property interest) -- as operating from March 7, 2001 until May 15, 2008.

On August 11, 2008, the Small Claims Court of Monterey County (the "State Court") entered a judgment in the amount of $7,020.68 in favor of Creditor and against Debtor for amounts owing under the contract (the "State Court Judgment"). A letter by Creditor attached to the Claim indicates $7,020.68 "was the maximum I was allowed in small claims court" although the balance owing was higher. As of the date the State Court Judgment was entered, the balance owing under the Contract, including finance charges, was approximately $7,231.09. Creditor did not file a memorandum of costs with the State Court as required by California Rule of Court 3.1700. On December 11, 2008, Creditor obtained an Abstract of the State Court Judgment, which Creditor filed with the Monterey County Recorder's Office on December 12, 2008 (the "Abstract").

On December 31, 2008, Creditor provided Debtor with Invoice #1842, in the amount of $3,990. Creditor indicated to Debtor that these charges were for the costs of obtaining and collecting the State Court Judgment. At the May 13, 2010 hearing on the Objection, Creditor stated that Invoice #1842 was for costs incurred in the collection of the State Court Judgment between the time the judgment was entered and the Abstract was recorded.

A. Creditor's Claim

Creditor's $12,518.22 Claim has two components -- a $7,686.27 secured claim and a $4,831.95 unsecured claim. The secured portion of the Claim represents the amount of the State Court Judgment, $7,020.68, plus 10% interest from the date of the State Court Judgment to the Petition Date. The unsecured portion of the Claim represents the balance owing to Creditor after subtracting the

secured portion of the Claim from the $12,518.22 total owing under the statement attached to the Claim. The bulk of this unsecured portion of the Claim -- roughly 83% -- is attributable to the $3,990.00 invoiced to Debtor by Creditor on December 31, 2008 for the costs of obtaining and collecting the State Court Judgment.

B. <u>Debtor's Objection</u>

On November 30, 2009, the Debtor filed his Objection to the Claim. The Objection asserts the Claim "misrepresents the correct amount of the claim" and "misrepresents additional claim against unrelated Debtor." The Objection also notes that the Abstract lists various names for Creditor and his dba, and Debtor asserts he needs clarification "in order to properly structure the Plan." The Objection asks that the Claim be allowed as an unsecured claim in the amount of $7,722.75, including interest through the Petition Date.

On May 10, 2010, Debtor filed his Prehearing Statement related to the May 13, 2010 hearing. The statement provides that Debtor and Creditor have reached agreement to allow the secured portion of the Claim in the amount of $7,686.27 -- the secured amount asserted in the Claim. The parties further agree that the claimant shall be "Philip Johnson dba Johnson Architectural Group."

Debtor continues to object to the unsecured portion of the Claim. Specifically, Debtor objects to the $3,990 invoice issued by Creditor on December 31, 2008 for costs related to the State Court Judgment and the 1.5% interest thereon per month that Creditor has continued to assess as part of his Claim. Debtor asserts that Creditor cannot make a claim for any costs associated

with the State Court Judgment without filing a "Memorandum of Costs" with the State Court, within 15 days of the State Court Judgment.

## II.
## ANALYSIS

Pursuant to Bankruptcy Code § 502(a), a proof of claim is deemed allowed unless a party in interest objects to it. Rule 3001(f) of the Federal Rule of Bankruptcy Procedure, provides that, "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). If there is an objection to a filed claim, the objecting party "is then called upon to produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves. But the ultimate burden of persuasion is always on the claimant." Wright v. Holm, 931 F.2d 620, 623 (9th Cir. 1991); In re Pugh, 157 B.R. 898, 901 (9th Cir. BAP 1993).

In this case, Creditor filed his Claim asserting that Debtor owed him $12,518.22. Creditor's Claim has a secured portion in the amount of $7,686.27 and an unsecured portion in the amount of $4,831.95. Debtor does not dispute the secured portion of the Claim. Creditor calculated the $4,831.95 unsecured portion of the Claim by taking the Billing Statement from July 23, 2009 and subtracting the secured amount of $7,686.27.

Debtor asserts that the unsecured portion of Creditor's Claim relates to Invoice #1842 in the amount of $3,990.00, which was delivered to Debtor on December 31, 2008. Debtor asserts that any

costs incurred by Creditor from the time that the State Court Judgment was entered to the time that the Abstract was recorded cannot be recovered by Creditor. Debtor also asserts that the amount of $3,990.00 could not have been incurred by Creditor between the time the Abstract was recorded, on December 12, 2008, to the time that Creditor delivered Invoice #1842 to Debtor, on December 31, 2008. However, Creditor asserts that the unsecured portion of the claim represents accrued interest at the contractual rate and costs associated with the enforcement of the judgment. Debtor further objects that Creditor has failed to provide any substantiation for the $3,990 summarily invoiced.

A.  **Accrued Interest at the Contractual Rate**

Under California law, when a party recovers a judgment for breach of contract, the defendant is released from any further contractual obligations. <u>Tomaselli v. Transamerca Insurance Co.</u>, 25 Cal.App.4th 1766, 1770 (1994) (citing <u>Coughlin v. Blair</u>, 41 Cal.2d 587, 598 (1953)). The judgment replaces the contractual rights of the parties. <u>Tomaselli</u>, 25 Cal.App.4th at 1770.

In this case, Creditor asserts that Creditor is entitled to contractual interest represented on the Billing Statement delivered to Debtor on July 23, 2009. Creditor is incorrect. The State Court Judgment for damages "replaces the defendant's duty to perform the contract." <u>Id.</u> (citing <u>Coughlin</u>, 41 Cal.2d at 598). The Debtor is no longer required to pay the contractually agreed upon interest. However, the State Court Judgment does not act as a merger or bar to statutory costs, such as statutory interest. <u>See</u>

Jaffe v. Pacelli, 165 Cal.App.4th 927, 934 (2008) (citing Berti v. Santa Barbara Beach Properties, 145 Cal.App.4th 70, 77 (2006)).

B. **Cost Of Enforcing State Court Judgment**

Under California law, the judgment of a Small Claims Court may be enforced like the judgment of any other court. Cal.Civ.Proc. § 116.820(a) (West 2010). The prevailing party is entitled to the costs of enforcing the judgment and accrued interest. Cal.Civ.Proc. § 116.820(c). In both Small Claims Court and other courts, the judgment creditor is entitled to reasonable and necessary costs of enforcing a judgment. Cal.Civ.Proc. § 685.040.

A "judgment creditor" is a person in whose favor a judgment is rendered. Cal.Civ.Proc. § 680.240. The "judgment debtor" is the person against whom a judgment is rendered. Cal.Civ.Proc. § 680.250. Pursuant to Section 685.040, the judgment creditor may claim the reasonable and necessary costs of enforcing the judgment. Cal.Civ.Proc. § 685.080. Costs include but are not limited to statutory fees, charges, commissions, and expenses. Cal. Civ. Proc. §680.150. The California Code of Civil Procedure, section 685.070, specifically provides that the statutory fees for preparing, issuing, and recording an abstract of judgment are recoverable.

Debtor asserts that Creditor is not entitled to recover costs incurred before the recording of the Abstract, because Creditor failed to comply with California Rule of Court 870. Debtor asserts that Creditor was required to file a Memorandum of Costs within fifteen days of the State Court Judgment. California Rule of Court 870 was amended and renumbered in 2007, and is now California Rule of Court 3.1700.

Rule 3.1700 deals with prejudgment costs. Creditor asserts that the unsecured portion of the Claim consists of costs incurred between the time of the entry of the State Court Judgment and the recording of the Abstract. In Debtor's Prehearing Statement filed on May 10, 2010, Debtor asserts that the procedures for claiming costs and fees under California State law are mandatory. However, Debtor erroneously relies on the time limitation for prejudgment costs presented in Rule 3.1700. In this case, Creditor asserts that the unsecured portion of the claim consists of costs incurred post-judgment.

Pursuant to the California Code of Civil Procedure, a judgment creditor may claim the reasonable and necessary costs of enforcing a judgment by noticed motion. Cal.Civ.Proc. § 685.080; Cal.Civ.Proc. § 685.040. The motion is required to be made before the judgment is satisfied in full, and not later than two years after the costs have been incurred. Cal.Civ.Proc. § 685.080(a). The costs may include, but are not limited to, statutory fees for preparing, issuing, recording, and indexing an abstract of judgment. Cal.Civ.Proc. § 685.080(a); Cal.Civ.Proc. § 685.070(a)(1).

Pursuant to California Code of Civil Procedure section 685.080(b), the noticed motion must describe the costs claimed and state the amount of the costs claimed. The motion must be supported by the affidavit of a person with knowledge of the facts, that provides that the costs are correct, reasonable, necessary, and have not been satisfied. Cal.Civ.Proc. § 685.080(b).

In this case, Creditor has not complied with the requirements of Section 685.080(b). In an attempt to collect the costs of

enforcing the State Court Judgment, Creditor has only presented the Debtor with Invoice #1842 and the July 23, 2009, Billing Statement. The Billing Statement only presents a summary of claimed invoices and accrued interest.

However, the time to claim costs authorized by Section 685.040 may not have expired. The motion must be made before the State Court Judgment is satisfied in full and not later than two years after the costs were incurred. Cal.Civ.Proc. § 685.080(a). The State Court Judgment was entered on August 11, 2008. Any costs recoverable under Section 685.040 must have been incurred post-judgment. In order to recover the reasonable and necessary costs of enforcing the State Court Judgment, Creditor must comply with the procedural requirements of Section 685.080.

### III.
### CONCLUSION

For the reasons stated above, Debtor's Objection to Creditor's Claim is sustained in part and overruled in part. The parties agree on the amount of the secured portion and it is allowed in its entirety. The objection as to portion of the unsecured portion attributable to accrued interest at the contractual rate is sustained and such portion is disallowed in its entirety. The objection to the amount of the unsecured portion attributable to the costs of enforcing the State Court Judgment is overruled as premature. Creditor is granted immediate relief from stay solely for the purpose of filing a motion in State Court for the allowance of costs related to the enforcement of the State Court Judgment. If Creditor fails to timely move for the allowance of such costs,

of costs related to the enforcement of the State Court Judgment. If Creditor fails to timely move for the allowance of such costs, then the Debtor immediately renew his Objection with respect unsecured portion of the Claim on that basis. The Court will issue an order so providing concurrently with the issuance of this Memorandum Decision.

Dated: 7/16/10

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

Court Service List

Address Listed on Objection and Pleadings:
Paul Fairfax Soares
P.O. Box 51728
Pacific Grove, CA 93950

Address of Record for Debtor:[2]
Paul Fairfax Soares
P.O. Box 51397
Pacific Grove, CA 93950

Philip Johnson
dba Johnson Architectural Group
P.O. Box 112
Carmel Valley, CA 93924

John Wesolowski, Esq.
Office of the United States Trustee
280 S. 1st St., #268
San Jose, CA 95113-0002

---

[2] If Debtor's mailing address has changed, a Notice of Change of Address must be filed with the Court to change Debtor's address of record.