

IT IS SO ORDERED.
Signed July 21, 2014

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                ] Case No. 09-55986-ASW
                                     ]
PAUL FAIRFAX SOARES,                 ] Chapter 7
                                     ]
                Debtor.              ]
_____]

**MEMORANDUM DECISION RE: MOTION TO COMPEL**

Before the Court is the motion of Debtor Paul Soares, who appears pro se, to compel Lisa and Jeffrey Lorono to respond to subpoenas served on them by Debtor on May 15, 2014. The Loronos, who are represented by attorney David Hollingsworth, oppose the motion.

The subpoena seeks copies of an insurance check for $10,000 issued to Salinas Valley Roofing ("SVR") from AIG in 2008 and information regarding the endorsement and deposit of the check. The Loronos are or were the owners of SVR. According to Debtor, the information sought is necessary for the "just, speedy and inexpensive disposition of the Debtor's claim of assets to be collected from Salinas Valley Roofing, Inc., its stockholders and officers for money allegedly embezzled and otherwise stolen from

the Debtor and admittedly deposited to an account owned solely by David M. Hollingsworth on or about July 23, 2008."

Debtor apparently believes that there may be a claim by the bankruptcy estate against the Loronos for fraudulently appropriating funds within one year prior to the filing of this bankruptcy case.

Debtor fails to grasp, however, that to the extent the estate has a claim, that claim would need to be pursued by the chapter 7 trustee. The Court notes that Debtor filed an amended Schedule B in this case on December 15, 2011 to add various claims against SVR, the Loronos and others. Thereafter, the chapter 7 trustee, Marc Del Piero, sold the estate's interest in certain litigation rights to Debtor for $1,000, described in part as "certain claims against Salinas Valley Roofing, Village Heating and Sheet Metal, CMC Construction, and various owners, officers, and directors of those entities." The trustee's notice of sale stated that the trustee had agreed to transfer all of the estate's right, title and interest to any claims related to roof repair on the property at 416 Drake Avenue, Monterey, CA. The Court cannot tell whether those claims included the claim asserted by the Debtor in connection with this motion.

The trustee filed his final report on March 28, 2013, asserting that the estate had been fully administered. The Court approved the final report by order entered April 30, 2013. The case was then discharged and closed.

The Court reopened and vacated the discharge in January of this year due to the pending § 727 claim filed by SVR. The case remains open solely due to the pending adversary proceeding.

If Debtor contends that there is a claim that will result in recovery for the estate, that claim would need to be prosecuted by the trustee. Otherwise, the Court knows of no authority that would permit Debtor to prosecute that claim in this case. If the claim were included in the property that was abandoned or sold by the trustee, the claim reverted to the Debtor, and the Court no longer has jurisdiction. In re Devore, 223 B.R.193, 200 (9th Cir. BAP 1998); In re Dewsnup, 908 F.2d 588, 590 (10th Cir. 1990), aff'd, 502 U.S. 410 (1992). In sum, either the claim(s) asserted by Debtor are property of the estate or they are not property of the estate. If they are property of the estate, the chapter 7 trustee, and not Debtor, has authority to pursue them on behalf of the estate. If those claims belong to Debtor and are not property of the estate, this Court has no jurisdiction over such claims. Therefore, there is no basis for Debtor to pursue discovery in this case.

For these reasons, Debtor's motion is denied. Counsel for the Loronos may submit a proposed form of order. The hearing scheduled for July 22, 2014 is off calendar.

**\*\*\*END OF MEMORANDUM DECISION\*\*\***

| | |
|---|---|
| 1 | Court Service List |
| 2 | |
| 3 | Paul F. Soares<br>2885 Sanford Avenue SW, #21422<br>Grandville, MI 49418 |
| 4 | |
| 5 | David M. Hollingsworth, counsel for Plaintiffs<br>(To be served electronically) |
| 6 | |
| 7 | Barry Milgrom<br>McKenna Long & Aldrich LLP |
| 8 | 1 Market Plaza<br>Spear Tower 24th Floor |
| 9 | San Francisco, CA 94105 |